IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 26-cv-224-DWD** |
| | ) | |
| SGT. BRYANT, | ) | |
| LT. RANSOM, | ) | |
| MAJ. JOHN DOE, | ) | |
| NURSE JANE DOE "RED", | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Anthony Williams, a former inmate of the Illinois Department of Corrections (IDOC) currently detained at the Henry County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. Specifically, Plaintiff alleges that the defendants used excessive force against him in December of 2024 without cause. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that while in IDOC custody, he experienced acute mental distress and suicidal ideation, which led to his placement on suicide watch. (Doc. 1 at 2). He claims Defendants Bryant and Ransom knew of his mental health crisis but did not ensure he received proper monitoring or mental health care. He faults Defendant Maj. John Doe for failing to supervise the actions of his subordinate staff. Plaintiff also alleges that Defendant Nurse Jane Doe "Red" knowingly failed to provide mental health care despite his suicidal ideation. He faults the Defendants for deliberate indifference under the Eighth Amendment, for punitive conditions, and for supervisory liability. (Doc. 1 at 2-3). He seeks monetary damages, and injunctive relief, including mental health treatment and IDOC's proper training of staff and compliance with suicide prevention policies. (Doc. 1 at 3).

In a supporting declaration, he claims that on December 23, 2024, he was held in a segregation shower in handcuffs during a "severe mental health breakdown." (Doc. 1 at 4). He alleges that at the time he was also suffering from dangerously low blood sugar, and that Defendants Ransom, Bryant and Maj. John Doe all knew about his mental illness and diabetes. He claims Ransom, Bryant, and Maj. John Doe arrived at the shower, attached a lead chain to his handcuffs, and roughly escorted him to a cell. At the new cell, Defendant Bryant sprayed an entire can of mace at Plaintiff and Ransom and Maj. John Doe yanked the chain on his handcuffs through the tray slot with such force the

chain broke.  During the encounter, Plaintiff alleges that the Defendants verbalized racial death threats.  (*Id.*).

Plaintiff claims he was left in the cell unattended for 20 minutes, during which time he lost consciousness.  (Doc. 1 at 4).  When he came to, Plaintiff asked Ransom for medical care, but he alleges Ransom refused.  Plaintiff alleges Defendant Nurse Jane Doe "Red" poured milk on his face but did not examine him or check his blood pressure. Plaintiff further alleges he was returned to a different cell without medical care, and he did not receive care even after he lost consciousness a second time and hit his head.  In total, Plaintiff alleges he was denied medical care from December 23, 2024, through January 3, 2025.  (Doc. 1 at 5).

Based on the allegations in the Complaint the Court designates the following Claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Bryant, Ransom, and Maj. John Doe for the use of pepper spray and restraints on December 23, 2024;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendants Ransom and Nurse Jane Doe Red for refusing medical care after the alleged force on December 23, 2024.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### PRELIMINARY DISMISSALS

Plaintiff's complaint generically alleges that all four defendants knew of Plaintiff's suicidal tendencies and prevented him from accessing adequate mental health care. While mental health services are of obvious importance, Plaintiff does not provide enough detail about his acute mental needs in December of 2024 for the Court to even begin to assess if the individual defendants exhibited deliberate indifference to his needs. For example, he does not say if he verbally told any of these four that he was experiencing a mental health crisis, if he directly asked them for care or services, or if they were able to visibly observe his distress. Plaintiff also discusses diabetes and low blood sugar in his declaration, but he does not say that he verbally alerted the defendants to his low blood sugar, or that there was anything they could observe that alerted them he had dangerously low blood pressure on December 23, 2024. Without more information, the allegations pertaining to Plaintiff's mental health and diabetes are insufficient to proceed.

Plaintiff also faults Defendant Maj. John Doe for failing to supervise his subordinates, but individuals may only be held liable under § 1983 for their own conduct and not for that of their subordinates, so this theory is dismissed.

To the extent that Plaintiff seeks injunctive relief, it does not appear that he is currently an inmate of the Illinois Department of Corrections, so such relief is unlikely to be granted in this case.

### DISCUSSION

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it

was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  Plaintiff may proceed against Defendants Bryant, Ransom and Maj. John Doe concerning the alleged force they used on December 23, 2024.  Plaintiff shall have 21 days to provide descriptive information about Maj. John Doe, such as physical appearance, shift, location they interacted, and any nicknames for Maj. John Doe.  The Warden of Pinckneyville will be added to this case to help identify Maj. John Doe.

In Claim 2, Plaintiff faults Defendants Ransom and Nurse Jane Doe Red for denying him medical care in the hours after the alleged force incident.  He alleges the only thing that Nurse Jane Doe Red did for him was to wash his face with milk, presumably to mitigate his exposure to mace.  Though the denial of medical care after an alleged assault certainly could give rise to a deliberate indifference claim, Plaintiff provides very little information about the injuries he sustained for which he needed care.  For example, he does not describe injuries from the use of the restraints, nor does he explain how long he was subject to the mace exposure before Nurse Jane Doe Red assisted him, or if her efforts failed or helped.  On the limited information available, this claim will be dismissed as insufficiently pled because it is unclear if Plaintiff sought treatment for serious injuries.

### MOTION FOR RECRUITMENT OF COUNSEL (DOC. 3)

In addition to filing the complaint, Plaintiff also filed a Motion for Recruitment of Counsel (Doc. 4).  There is no right to the appointment of counsel in civil matters.

*Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Here, Plaintiff alleges that he has attempted to recruit his own counsel, but he has not provided proof of his efforts and he has not listed the individuals or firms that he has contacted seeking representation. (Doc. 4 at 1). Without more information about Plaintiff's own efforts, his Motion must be denied. If Plaintiff later renews his request for counsel, he must include proof of his attempts to contact at least three law firms or lawyers.

### MOTION TO IDENTIFY UNKNOWN DEFENDANTS (DOC. 3)

Plaintiff's Motion to Identify Unknown Defendants (Doc. 3) is **GRANTED** as explained above. The Warden of Pinckneyville will be added to this case, and once Plaintiff has provided descriptive information about Maj. John Doe, the Warden will be directed to provide responsive information.

**DISPOSITION**

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendants Ransom, Bryant, and Maj. John Doe.  The Clerk of Court shall **ADD** the Warden of Pinckneyville in official capacity for John Doe identification.  By contrast, **Claim 2** is dismissed without prejudice.  Plaintiff has failed to state a claim against Nurse Jane Doe "Red" so the Clerk of Court shall **TERMINATE** this defendant.

**Plaintiff shall have 21 days to file a Notice with descriptive information about Maj. John Doe such as his height, hair color, physical appearance, the shift he worked, any nicknames, etc..**  The Warden will then be directed to respond.  If Plaintiff fails to file a timely notice, John Doe may be dismissed for failure to prosecute.

The Clerk of Court is **DIRECTED** to prepare for Defendants Bryant, Ransom and Warden of Pinckneyville (official capacity to identify John Doe): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not

known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED** without prejudice, his Motion to Identify John Doe (Doc. 3) is **GRANTED**, and a ruling is **DEFERRED** on his Motion to Preserve Evidence.

**IT IS SO ORDERED.**

DATED: May 5, 2026

/s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.